**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

United States of America,           )
                                 )
        Plaintiff,        )    Case No: 00 CR 50049
                                 )
    v.                   )
                                 )    Judge Philip G. Reinhard
Jerry K. Partee,             )
                                 )
        Defendant.     )

## ORDER

    Defendant's motion to reconsider the court's ruling denying defendant's motion for compassionate release [157], [169], is denied.

## STATEMENT/OPINION

    On September 16, 2020, the court denied defendant's motion for compassionate release [156].[1] After taking into account the factors provided for in 18 U.S.C. § 3582(c)(1)(A)(i) as well as in 18 U.S.C. § 3553(a) and the Federal Sentencing Commission, the court found that there were no "extraordinary and compelling reasons" to grant defendant compassionate release. *See* [156].

    While there is no direct authority in the Federal Rules of Criminal Procedure to bring a motion for reconsideration, the Supreme Court has held that "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75 (1964)).

    A motion for reconsideration "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). A motion for reconsideration "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000) (citation omitted). The court will, however, grant a motion to reconsider when it "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc*., 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

    First, defendant now puts forth evidence of a "family circumstance" that, he argues, would qualify him for compassionate release. Defendant now tells the court that his mother has recently

---

[1] Defendant's motion argued in the alternative for relief under the First Step Act. The court denied relief under the First Step Act as well. Defendant's current motion does not implicate the court's ruling on the First Step Act.

lost her home to fire and his sister was killed in 2017 as a result of domestic violence. Defendant takes some responsibility for these tragedies because he was unable to directly comfort and support his family due to his incarceration. In support of this argument, multiple family members have filed letters with the court pleading for his release. The court has read and considered these letters. While defendant should have presented this argument in his original motion, the court, upon consideration, finds it unpersuasive. The Federal Sentencing Guidelines stipulates that a family circumstance can be the basis for an "extraordinary or compelling reason" for release. The policy statement provides that his family circumstance may necessitate his release upon "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n. 1. While the court understands defendant's desire to be with his family, especially during such difficult times, defendant has not provided any evidence that his family circumstances would qualify him for a compassionate release under the provisions of the Sentencing Guidelines. Second, defendant argues the court erred in taking into consideration his entire history of disciplinary infractions at the Federal Bureau of Prisons ("BOP"). As the court noted in its order, defendant's BOP report reflects nearly 30 disciplinary infractions from 1997 to 2017. The court specifically stated in its order that while defendant's past disciplinary history is concerning, "the court hopes that defendant's more recent good conduct places him on a positive path." *See* [156], pg. 5. The court is not precluded from taking into consideration a defendant's complete history (*see* 18 U.S.C. § 3577). Additionally, the court has already acknowledged and considered defendant's more recent good conduct. The court has not "misunderstood" defendant's arguments. After a careful review of the arguments, the court found that defendant was found guilty of very serious offenses, had a significant criminal history, and still has several years left on his term of imprisonment. The court also found that while defendant does suffer from medical conditions that may put him at an increased risk should he contract COVID-19 while imprisoned, he is being treated for his conditions at his facility and his age is not a significant risk factor. Defendant's argument that his family circumstances would warrant his early release, is unavailing. Likewise, the court properly took into consideration defendant's disciplinary history during his years at the BOP and acknowledged his more recent good conduct. Defendant has provided no newly discovered evidence, nor has he indicated any manifest error of law in the court's previous order. Additionally, the court has not "patently misunderstood" defendant, nor made any decision outside the adversarial issues. Defendant's motion does not convince the court to reconsider its original order.

For the above reasons, the court denies defendant's motion to reconsider [157], [169].

Date: 11/18/2020                                 ENTER:

_Philip G. Reinhard_
United States District Court Judge

Notices mailed by Judicial staff. (LC)